Chief Justice Robertson
delivered the opinion of the Court.
Townsend .being indebted., to Tari ton and Allin Embry, (merchants) $|37 80, in Commonwealth’s paper, then at a discount of fifty! per cent.' executed his-note to them.for tire nominakamount. in specie..
The notehaving been assigned.to Kerby, and by him.assigned to Stephenson, the latter obtained a judgment for the whole amount, and attempted to coerce it in specie.
To injoin this judgment, Townsend filed his bill against the Embry’s, Kerby and Stephenson, charg; ing that the note was executed for dollarsthrough fraud or mistake, and praying for relief.
The Embry’s admitin their answer,' that the note was to be discharged by its nominal amount in Commonwealth’s paper, and that the consideration was *268 paper. They also affirm that they said it for Kentucky or Commonwealth’s paper.
Consideration paid, is Measure of assignor’s responsibility .
Turner, for plaintiff.
Kerby and Stephenson, in their answer, stale that Stephenson deposited funds with Kerby, with instructions to buy for him, a note, “on which specie could made, and that he purchased this note for Stephenson,- and as his agent. They make their answer a cross bill against the Embrys, and pray for a decree over, against them, for the difference between paper and specie. The answer to the cross bill denies that the' note was sold as a specie note.
The circuit court decreed a perpetual injunction for one half of the amount of the judgment, and also decreed to Kerby and Stephenson, against the Em-bry’s, the amount ¡50 injoined, and all the costs of alt the parlies.
To reverse this decree, the Embry’s prosecuted this writ of error.
The decree cannot be sustained for two reasons:
1st. Kerby had no right to a decree, as he had no interest in the note or the judgment on it.
2d. There is no evidence that the Embays sold the note as a specie demand.
The consideration paid to them for it, was depreciated bank paper, and,'therefore, unless the assignors made false representations to Kerby, by which they induced him to believe that the amount of the note was collectable in specie, Stephenson,for whom Kerby bought it, would not be entitled to any decree against them, unless Townsend were insolvent, and then he should not recover more than the value of the consideration paid them for the assignment. Even the answer of Kerby virtually admits that he did not believe, when he bought the note, that it was a specie debt.
Stephenson does not complain of the decree in favor of Townsend.
Wherefore, the decree of the circuit court is reversed, and the cause remanded, with instructions to dismiss the cross bill.